UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:10-cr-00484 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 24] |
| vs. | : | |
| | : | |
| DANIEL DALEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Daniel Daley requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1]  The Government opposes Daley's request.[2]

For the reasons stated below, the Court **GRANTS** Daley's request for compassionate release to five years supervised release with supervised release to include community control housing.  The Court also orders a 14-day quarantine prior to Defendant's release.

## I.    Background

In February 2011, Defendant Daley pleaded guilty to receipt of visual depictions of minors engaged in sexually explicit conduct, receipt of child pornography, and possession of child pornography.[3]  This Court sentenced Defendant to 144 months in prison and five years supervised release.  Daley is scheduled to be released to a halfway house on January 28, 2021.[4]

---

[1] Doc. 24 at 1.
[2] Doc. 26.
[3] Doc. 24 at 2.
[4] *Id.*

Case No. 1:10-cr-00484
Gwin, J.

## II.    Discussion

Daley moved for compassionate release on October 20, 2020.  He requests a sentence reduction with release to a halfway house because his health conditions put him at serious risk for severe illness if he re-contracted COVID-19.[5]  Defendant tested positive for COVID-19 in April 2020.[6]

The Government opposes.[7]  The Government agrees with Defendant that his illnesses present "extraordinary and compelling" reasons to justify compassionate release but argues that modifying Defendant's sentence would "undermine the seriousness of his crime" and would not serve as adequate deterrence against future criminal activity.[8]

### A.  Exhaustion

Defendant has met 18 U.S.C. § 3582(c)(1)(A)(i)'s exhaustion requirement.  The Court may modify a defendant's prison term after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[9]

Defendant submitted a request to the Bureau of Prisons on August 8, 2020, which the Bureau denied on September 1, 2020.  Defendant and the Government agree that Daley has exhausted his administrative avenues.[10]

### B.  Eligibility

A court may grant compassionate release if "extraordinary and compelling reasons

---

[5] *Id.* at 4, 12.
[6] *Id.* at 4; Doc. 24-1 at 16.
[7] Doc. 26.
[8] *Id.* at 1, 9–10.
[9] 18 U.S.C. § 3582(c)(1)(A)(i).
[10] Doc. 24 at 2; Doc. 26 at 3.

Case No. 1:10-cr-00484
Gwin, J.

warrant" a sentence reduction.[11]  The court must also consider the sentencing factors listed

in 18 U.S.C. § 3553,[12] including "the nature and circumstances of the offense and the history

and characteristics of the defendant;" "the need for the sentence imposed " to "reflect the

seriousness of the offense" and to "protect the public from further crimes of the defendant;"

and "any pertinent policy statement," among other factors.[13]

In this instance, Defendant and the Government agree that Defendant's medical

conditions could increase the likelihood of serious illness from COVID-19 and establish

extraordinary and compelling circumstances.[14]  Defendant suffers from diabetes, obesity,

liver disease, and hypertension.  He is also a former smoker.[15]  The Centers for Disease

Control recognizes that these conditions either increase the risk or could increase the risk of

severe illness from COVID-19.[16]  Defendant presents evidence that it is possible to contract

---

[11] 18 U.S.C. § 3582(c)(1)(A)(i).

[12] *Id.*

[13] 18 U.S.C. § 3553(a).  Further, under the applicable policy statement, U.S.S.G. § 1B1.13 cmt. n.1, the extraordinary and compelling reasons that could merit a sentence reduction include 1) terminal illness or serious medical condition that makes defendant unable to care for himself; 2) age; 3) family circumstances; and 4) "other reasons." U.S.S.G. § 1B1.13 cmt. n.1.  Defendant's motion for compassionate release falls into the fourth category.

The policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, 457 F. Supp. 3d 691, 699 (S.D. Iowa 2020), *appeal docketed* No. 20-2053 (8th Cir. May 27, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.4).  Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one").  This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).

[14] Doc. 24 at 4; Doc. 26 at 8–9.

[15] Doc. 24 at 4.

[16] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Case No. 1:10-cr-00484
Gwin, J.

COVID-19 a second time.[17]

Further, FCI Terminal Island has been hard hit by the pandemic.[18]  Currently, there are only three positive inmate cases and seven staff cases reported for Terminal Island.[19]  Yet Defendant presents evidence that Terminal Island's conditions could lead to another outbreak.[20]

The Government contends that the 18 U.S.C. § 3553 factors weigh against granting compassionate release and emphasizes the seriousness of Daley's crime.[21]  To the Government, granting compassionate release would "not promote respect for the law;" "fail to deter future criminal conduct," and would not "protect the public from [Defendant's] future crimes."[22]

The Court disagrees.  Defendant is scheduled to be released to a halfway house on January 28, 2021.  He has served nearly all of his sentence.  Daley requests to be released to a halfway house for six months to "reestablish himself" and prepare for life post-incarceration.[23]  The Court does not find that early release to supervised release and probationary six-month supervision in a halfway house type community control facility will diminish the seriousness of Defendant's crime or the impact of the time he served.

III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Daley's request for compassionate

---

[17] Doc. 24 at 8–10.

[18] *Id*. at 6.

[19] Federal Bureau of Prisons, *Covid-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Dec. 22, 2020).

[20] Doc. 24 at 7.

[21] Doc. 26 at 9–10.

[22] *Id*. at 10.

[23] Doc. 24 at 12.

Case No. 1:10-cr-00484
Gwin, J.                                                              -5-

release. The Court sentences the defendant to time served and five years supervised release

with conditions to include community control housing in keeping with his original sentence.

The Court also orders a 14-day quarantine prior to Defendant's release.


IT IS SO ORDERED.


Dated:  December 28, 2020                        s/        James S. Gwin
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE